1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## EASTERN DISTRICT OF CALIFORNIA

8
9
10
11
12
13
14
15

| | |
|---|---|
| JOSEPH A. MAHER, | ) 1:09cv01887 DLB |
| | ) |
| | ) |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S |
| | ) MOTION TO ALTER OR AMEND JUDGMENT |
| v. | ) (Doc. 20) |
| | ) |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff Joseph A. Maher ("Plaintiff") moves to alter or amend a judgment pursuant to
Federal Rule of Civil Procedure 59(e).  Plaintiff requests that the Court reconsider its December
6, 2010 order denying Plaintiff's appeal from the administrative decision of the Commissioner of
Social Security, and the entry of judgment in favor of Defendant Michael J. Astrue,
Commissioner of Social Security ("Commissioner").  The matter is currently before the Court on
the parties' briefs, which were submitted, without oral argument, to the Honorable Dennis L.
Beck, United States Magistrate Judge.

**BACKGROUND**[1]

On July 8, 2004, Plaintiff filed an application for disability insurance benefits pursuant to Title II of the Social Security Act.  He alleged disability since September 20, 2003, due to a bulging disc and nerve damage in his left leg.  AR 74-76, 79-85.

At the administrative level, an Administrative Law Judge ("ALJ") issued a decision denying benefits on August 5, 2009.  AR 290-302.  In relevant part, the ALJ found that Plaintiff had the severe impairments of major depressive disorder, chronic lumbar back pain secondary to degenerative disc disease, disc dessication and disc bulges with radiculopathy, and bilateral knee arthritis.  Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to carry 20 pounds occasionally, 10 pounds frequently, stand and walk for two hours, sit for six hours and occasionally stoop.  Plaintiff could never climb, kneel, crouch or crawl.  With this RFC, the ALJ concluded that Plaintiff could not perform his past relevant work, but could perform a significant number of positions in the national economy.  AR 295-301.

On October 27, 2009, Plaintiff filed his complaint in district court seeking judicial review of the decision denying his application for benefits.  In his brief on the merits, Plaintiff argued, in part, that the ALJ erred by finding his depression severe at step two, but failing to incorporate any related limitations in the RFC finding.  The Court rejected Plaintiff's argument, reasoning as follows:

> If an ALJ finds a severe impairment at step two, that impairment must be considered in the remaining steps of the sequential analysis.  20 C.F.R. §§ 404.1523, 416.923.  Here, the ALJ found that Plaintiff's depression was a severe impairment.  Plaintiff argues that by definition, a "severe" impairment causes significant limitation and must therefore impact the RFC finding.  The Ninth Circuit has flatly rejected this argument, however.  In *Bray v. Comm'r Soc. Sec.*, 554 F.3d 1219 (9th Cir. 2009), the plaintiff made a similar argument, contending that a finding at step two that her adjustment disorder was severe required a corresponding limitation in her RFC.  The Court disagreed, stating, "Bray offers no authority to support the proposition that a severe mental impairment must correspond to limitations on a claimant's ability to perform basic work activities." *Bray*, 554 F.3d at 1128-1129.

---

[1]References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

1

2

> Plaintiff does not challenge the RFC finding on any other basis and points to no evidence to support an alternate RFC. Accordingly, the ALJ's RFC is supported by substantial evidence and free of legal error.

3  Doc. 18, p. 11. The Court denied Plaintiff's appeal and directed the entry of judgment in favor of

4  the Commissioner on December 6, 2010. Doc. 18.

5        On January 3, 2011, Plaintiff filed the instant motion seeking an order altering or

6  amending the judgment. Plaintiff argues that the Court's reliance on *Bray v. Comm'r of Soc. Sec.*

7  *Admin.* represents an error of law and results in a manifest injustice. The Commissioner opposed

8  the motion on February 3, 2011. Plaintiff did not file a reply.

9                                    **DISCUSSION**

10 A.    Legal Standard

11       A motion to amend a judgment under Fed. R. Civ. P 59(e) is granted in a district court's

12 discretion upon the following grounds: (1) the motion is necessary to correct manifest errors of

13 law or fact upon which the judgment is based; (2) the moving party presents newly discovered or

14 previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4)

15 there is an intervening change in controlling law. *Turner v. Burlington Northern Santa Fe R.*

16 *Co.*, 338 F.3d 1058, 1063 (9th Cir.2003). The remedy provided is extraordinary and is to be used

17 sparingly in the interests of finality and conservation of judicial resources. *Kona Enterprises, Inc.*

18 *v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir.2000). "Rule 59(e) ... may not be used to

19 relitigate old matters, or to raise arguments or present evidence that could have been raised prior

20 to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (internal

21 quotations and citations omitted).

22 B.    Analysis

23       Plaintiff argues that the Court erroneously relied on *Bray* when rejecting "the notion that

24 a finding of a severe impairment at step two necessarily requires the imposition of limitations in

25 the ALJ's residual functional capacity assessment." Motion, pp. 3-4.

26       As pointed out by the Commissioner, however, Plaintiff generally rehashes arguments

27 already made to the Court in this case. For example, Plaintiff previously argued that a "severe

28 impairment by definition imposes a significant work-related limitation of function." Doc. 14

(Opening Brief, p. 17).  Here, he argues that "severe impairments do significantly limit the ability to perform basic work activities."  Motion, p. 5.

Plaintiff also previously argued that ALJ failed to incorporate the mental limitations, asserting:

> Despite stating that the ALJ would incorporate the mental limitation findings in the residual functional assessment, the ALJ failed to do so. AR 297. This is in stark contrast to the Commissioner's mandate that the residual functional assessment process requires a more detailed assessment than the one the ALJ performed here. Social Security Ruling 96-8p; *see also* 20 C.F.R. § 404.1545(e) ("When you have a severe impairment(s), but your symptoms, signs, and laboratory findings do not meet or equal those of a listed impairment in appendix 1 of this subpart, we will consider the limiting effects of all your impairment(s), even those that are not severe, in determining your residual functional capacity."). A failure to comply with the binding policy is itself the reversible error. "[F]inding that an agency's position was substantially justified when the agency's position was based on violations of ... the agency's own regulations, constitutes an abuse of discretion." *Maher v. Barnhart*, 274 F.3d 1255, 1259 (9th Cir. 2001) quoting *Mendenhall v. NTSB*, 92 F.3d 871, 874 (9th Cir. 1996) (holding that NTSB abused its discretion by finding FAA position substantially justified where it had violated its own policy orders).

Doc. 14 (Opening Brief, pp. 17-18).

In this case, Plaintiff asserts a near identical argument:

> 20 CFR§ 416.945 states that when assessing the residual functional capacity an ALJ:
>
>> will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not "severe," as explained in §§416.920(c), 416.921, and 416.923, when we assess your residual functional capacity.
>
> See 20 CFR § 416.945(a)(2). The regulation goes on to state that "we will consider the limiting effects of all your impairment(s), even those that are not severe, in determining your residual functional capacity." 20 CFR 416.945(e).
>
> The regulations make clear that whether severe on its own or not severe with another severe impairment, Mr. Maher's mental limitations were required to be incorporated into the residual functional capacity assessment. Something the ALJ did not do in this case resulting in a violation of the Commissioner's regulations. A failure to comply with the binding policy is itself the reversible error. "[F]inding that an agency's position was substantially justified when the agency's position was based on violations of ... the agency's own regulations, constitutes an abuse of discretion." *Harris v. Barnhart*, 274 F.3d 1255, 1259 (9th Cir. 2001) quoting *Mendenhall v. NTSB*, 92 F.3d 871, 874 (9th Cir. 1996) (holding that NTSB abused its discretion by finding FAA position substantially justified where it had violated its own policy orders).

Motion, p. 6.

1    Plaintiff has not presented any newly discovered evidence and has not identified any

2    intervening change of law.  Plaintiff also has not demonstrated that the motion is necessary to

3    prevent manifest injustice.  Rather, Plaintiff forwards the same arguments that he presented in his

4    briefing on the merits. These arguments were rejected by the Court, and Plaintiff may not use

5    Rule 59(e) to relitigate the matter.  *Exxon Shipping Co.*, 554 U.S. at 485 n. 5.

6    To the extent Plaintiff argues that a manifest error of law justifies granting relief under

7    Rule 59(e), the Court disagrees.  Just as before, *Bray* remains valid, binding Ninth Circuit

8    authority applicable to consideration of mental impairments.  *Bray v. Comm'r of Soc. Sec.*

9    *Admin.*, 554 F.3d 1219 (9th Cir. 2009).  In *Bray*, the ALJ found claimant's adjustment disorder

10   severe at step two.  The claimant then argued on appeal that the ALJ failed to account for her

11   adjustment disorder in the final construction of her RFC and ran afoul of the governing

12   regulations.  Like Plaintiff, the claimant also argued that a severe impairment, by definition,

13   inhibits a claimant from engaging in basic work activities.  *Id.* at 1228.  As this Court stated in its

14   decision, the Ninth Circuit rejected that argument, finding that the claimant offered "no authority

15   to support the proposition that a severe mental impairment must correspond to limitations on a

16   claimant's ability to perform basic work activities." *Id.* at 1228-29.

17   In sum, the Ninth Circuit has determined that an ALJ is not required, as a matter of law,

18   to include all the limitations from the impairments the ALJ deems to be severe at step two in the

19   ALJ's final RFC analysis.  *Id.* at 1228-29; *see also Gunderson v. Astrue*, 371 Fed. Appx. 807,

20   809 (9th Cir. Mar. 22, 2010) (citing *Bray* and finding that ALJ did not commit legal error by

21   omitting functional limitations related to claimant's anxiety and hepatitis from the RFC simply

22   because she determined they were severe for purposes of step two).  Here, the Court relied on

23   *Bray* in finding that the ALJ did not commit a legal error by omitting functional limitations

24   related to Plaintiff's major depressive disorder from the RFC simply because the ALJ determined

25   it was severe for purposes of step two.  The Court's application of binding precedent was not a

26   manifest error of law, and Plaintiff did not challenge the RFC finding on any other basis.

27   The Court notes that Plaintiff devotes a portion of his Rule 59(e) motion to discussion of

28   *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007).  Motion, pp. 7-9.  However, the

5

Commissioner relied on *Hoopai* in his opposition when briefing the merits of this case.  Doc. 17 (Responsive Brief, p. 14).  Plaintiff provides no reason why his arguments concerning *Hoopai* could not have been raised in a reply prior to entry of judgment.  *Exxon Shipping Co.*, 554 U.S. at 485 n. 5.  Indeed, Plaintiff did not even file a reply brief on the merits.  Thus, Plaintiff's arguments concerning *Hoopai* will not be considered in the context of a Rule 59(e) motion.

## **CONCLUSION**

Based on the above, Plaintiff's motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure is DENIED.


IT IS SO ORDERED.

**Dated:   February 23, 2011              /s/ Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE